### *MEILLEUR & AL.* vs. *COUPRY.*

A slave under thirty years of age, cannot be presumed to have been emancipated.

APPEAL from the court of probates of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The heirs of Louise Rilieux, obtained a rule against Coupry, who had obtained letters testamentary on her estate, to shew cause why they should not be revoked, on a suggestion, that he was a slave, and therefore incapable of exercising the office of testamentary executor. He contended that he was a free man: the court thought otherwise. The letters were revoked, and he appealed.

East'n District.
*May*, 1829.

MEILLEUR
AND AL.
*vs.*
COUPRY.

His counsel urges, in this court, that the appellees have not established their heirship, and are without interest in the case. An examination of the record shews, that this point was not made below. The applicants must be considered as plaintiffs, and, as such, not bound to establish their capacity as heirs, while it was not denied. The appellant was called on to shew cause; he did so, by denying he was a slave, and this was the only issue before the court.

It was admitted that he was born of a slave mother, that his mother's owner has ever resided, and still resides, in New-Orleans, that he is twenty-seven or twenty-eight years of age, that he has enjoyed his freedom for fourteen years and been married as a free man.

On these facts, it is clear, he was born a slave, and must continue so, unless he was emancipated; as he is under the age of thirty years, and the lawful emancipation of a slave cannot take place before that age, the presumption of a legal emancipation, which might result from his long possession of his freedom, is repelled, from the evident impossibility of his legal emancipation having taken place, and

MEILLEUR
AND AL.
*vs.*
COUPRY.

the legal impossibility of a slave becoming free, without a legal emancipation.

Prescription can no more avail him, than it would the possessor of property evidently out of commerce.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs.

*Seghers* for the plaintiffs—*DeArmas* for the defendant.